IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | 8:18CR183 |
|---|---|
| Plaintiff, | |
| vs. | RULE 17.1 CONFERENCE MEMORANDUM OF HEARING |
| ALEX KELLUM, | |
| Defendant. | |

This matter came before the Court on October 9, 2019 for a hearing on the Government's motion (Filing No. 51) for a pretrial conference pursuant to Federal Rule of Criminal Procedure 17.1. The Government was represented by Matt E. Lierman, Assistant United States Attorney, and the Defendant, Alex Kellum, was represented by Chinedu Igbokwe.

The parties discussed the below listed evidentiary issues related to trial and reached the following agreements:

1. <u>Lab Results for Seized Narcotics</u>. The government proposed a written stipulation that the suspected controlled substances were sent to a forensic laboratory to be weighed and tested to determine their chemical composition; that forensic chemists performed such tests; that such tests and analyses performed were generally accepted within the field of forensic chemistry; and that based upon these tests the exhibits contained specific weights and substances, for instance: Exhibit 1 contains 55.6 grams of cocaine base, etc. Mr. Igbokwe reserved objection to this issue to allow for time to compare the field weights to the lab weights. Should the two weights be within 3 grams of each other, Mr. Igbokwe indicated Defendant would sign a written stipulation proposed by the Government. At the time of the hearing, the Government provided a proposed written stipulation to the Defendant to consider.

2. <u>Seized Narcotics</u>. The government proposed utilizing a single agent to testify to the narcotics seized and submitted into evidence by officers on each of the three confidential informant (CI) buys listed in the *Superseding Indictment*. A single agent would negate the need for multiple agents to testify as to links in the chain of custody. Mr. Igbokwe objected on grounds of foundation and chain of custody.

3. <u>Search Warrant Items</u>. The government proposed utilizing a single agent to testify to each of three items seized pursuant to a search warrant served on Defendant's home. A single agent would negate the need for multiple agents to testify as to links in the chain of custody. Mr. Igbokwe objected on grounds of foundation and chain of custody.

4. <u>Video and Audio Recordings</u>.  The Government proposed utilizing a single agent to testify to video and audio recordings from three confidential informant (CI) buys listed in the *Superseding Indictment*.  A single agent would negate the need for multiple agents to testify as to links in the chain of custody.  Mr. Igbokwe objected on grounds of foundation and chain of custody.

5. <u>Prior Conviction for Serious Drug Felony</u>.  The government proposed a written stipulation that the Defendant was previously convicted of PWID 5 grams but less than 50 grams of crack cocaine in the District of Nebraska; that he was arrested and sentenced on a specific date; and that he was imprisoned for a specific period of time and released on a specific date.  Mr. Igbokwe reserved objection to this issue to allow for time to review the matter with his client.  At the time of the hearing, the Government provided a proposed written stipulation to the Defendant to consider.

Counsel for the Government anticipates **2 trial days** for its case in chief and represents that **3 trial days** in total is sufficient for this matter to be heard.  The parties represented that they will continue to work towards resolving this case and make any arrangements necessary with the court to facilitate a speedy and expeditious resolution to this matter.

IT IS ORDERED:

1.  The above statements constitute the agreed upon matters during the Rule 17.1 Conference;

2.  Counsel for the Government and the Defendant have been given an opportunity to review this Rule 17.1 Conference Memorandum of Hearing and have not made any objections;

3.  Trial in this matter remains scheduled for December 10, 2019 before Senior United State District Court Judge Laurie Smith Camp unless and until the parties make further arrangements with the Court.

Dated this 18th day of October, 2019.

BY THE COURT:

s/ SUSAN M. BAZIS
United States Magistrate Judge